# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARION MARIE KAISER,

                Plaintiff,

v.

RACINE COUNTY CLERK,

                Defendant.

Case No. 20-CV-1478-JPS

**ORDER**

Plaintiff Marion Marie Kaiser, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $402 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). The Court must dismiss the action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

1. **MOTION TO PROCEED IN FORMA PAUPERIS**

The privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Thus, although Plaintiff need not show that she is completely destitute, she must provide a picture of her overall economic standing that sheds light on whether it would be "economically unfair" to require

payment of the filing fee. *See Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980).

Plaintiff avers that she is a retired Milwaukee County employee and receives a total monthly income of $2,500 per month, which consists of Social Security benefits ($1,500) and what appears to be a pension fund payment ($1,000). (Docket #2 at 2). Plaintiff pays $1,500 in rent—she stays at "high cost motels" because she has difficulty securing a lease due to the facts underlying her complaint—and pays an undetermined monthly fee for car insurance and storage. (*Id.* at 2–4). She does not state how much of her monthly income goes towards food, gas, or personal expenses, nor does she include her total monthly expenses. (*Id.* at 3). She owns a 2010 Dodge Grand Caravan of unknown value, does not own her home, and does not have any other assets. Though these averments are not as clear as they could be, the Court finds that Plaintiff is indigent.

## 2. COMPLAINT SCREENING

Notwithstanding the payment of any filing fee, however, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### 3. RELEVANT ALLEGATIONS

Plaintiff alleges that the "Clerk of Racine County of Wisconsin" violated her rights by garnishing her pension for $40,000 and reporting her to "CCAP," which is Wisconsin's Consolidated Court Automation Program. (Docket #1). Plaintiff alleges that her pension was garnished because she owed restitution for a crime that she committed in April, 2000. During that proceeding, she claims she was found incompetent to stand trial, and was referred to a mental health institute at Winnebago until her competency was restored. Plaintiff seems to believe that the costs she is now paying are related to that competency proceeding—she explains that, at the

time, she was a Milwaukee County employee, and does not understand why "they didn't take this out of my health insurance." (*Id.* at 4). She explains that her credit is quite poor as a result of these garnishments, and it affects her ability to find stable housing. Finally, she believes her name is spelled wrong in the state court proceedings—she was called "Marion Capol," but her name is actually Marion Kaiser. Plaintiff believes that the above-described conduct violates her constitutional rights.

4.  **ANALYSIS**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) she was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

It is not immediately clear that the Court has jurisdiction over this case. Although Plaintiff claims her constitutional rights have been violated, she has not alleged facts giving rise to such a cause of action. Construing the facts as liberally as possible, Plaintiff has potentially alleged a procedural due process claim that her property was taken without due process of law. *See Milwaukee Dist. Council 48 v. Milwaukee County*, 627 N.W.2d 866, 878–79 (Wis. 2001) ("[V]ested employees have a protectible property interest in their pensions, [and] may not be deprived of their pensions without due process of law.").

However, Plaintiff also claims that her pension is being garnished because of a restitution order related to a criminal conviction from 2000.

According to publicly available records, in April 2000, Marion Kaiser was charged with several offenses in Racine County. *See State of Wisconsin v. Marion Capol*,[1] Racine County Circuit Court Case No. 2000CF294, *available at* https://wcca.wicourts.gov. The state court records show that Plaintiff pled guilty to a felony on November 27, 2001. *Id.* She was ordered to pay restitution at a rate of $100 per month. *Id.* On June 27, 2007, a civil judgment for restitution in the amount of $29,006.96 was entered. *Id.*

There are two potential jurisdictional bars at issue here: first, under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Plaintiff's claims against Defendant would be barred if they would imply the invalidity of a criminal conviction or sentence. Second, "[u]nder the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). Here, the Court cannot weigh in on the legality of the garnishment without calling into question the validity of the state criminal sentence. To the extent the restitution order is properly categorized as a "civil judgment" rather than as part of a sentence, the Court cannot exercise appellate jurisdiction over the state court's final order. In either scenario, the Court does not have jurisdiction over Plaintiff's claim regarding the garnishment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

---

[1] Plaintiff's alias is identified as "Marion Kaiser."

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge